IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARTHA JANE JOHNSON, #202230, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05-CV-347-H |
| ) | WO |
| ) | |
| GLADYS DEESE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Procedural History**

This case is before the court on a motion for relief from final judgment which the court construes as a 28 U.S.C. § 2254 application for habeas corpus relief. The motion was filed by Martha Jane Johnson ["Johnson"], a state inmate, on April 14, 2005. Johnson challenges the murder conviction entered against her by the Circuit Court of Dale County, Alabama on November 20, 1998, presenting a substantive claim for relief under *Ake v. Oklahoma*, 470 U.S. 68 (1985). As explained below, Johnson has previously presented the same claim.

The petitioner earlier filed the same *Ake* claim in a motion for relief from final judgment in *Johnson v. Deese, et al.*, Civil Action No. 1:02-CV-1131-H. In that case, the court determined that to the extent Johnson relied on *Ake* as support for her actual innocence claim, she was entitled to no relief because she failed to present any evidence undermining

the determination that her habeas petition was barred by the one-year period of limitation. *Id. - Court Doc. No. 54.* In accordance with *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the court first addressed Johnson's claim of actual innocence based on her theory of drug induced psychosis before applying the statute of limitations as a bar to this court's review of her petition.[1]  In so doing, the court held as follows:

> During the preparation of her case, Johnson advised her attorneys that she did not murder her ex-husband, a position she maintained throughout trial and direct appeal. *Respondents' Exhibit G - Transcript of Rule 32 Hearing* at 19-21.  At trial, Johnson consistently denied committing the murder, *Respondents' Exhibit A - Trial Transcript at 426* ("I did not murder my ex-husband."), and further testified that she was the victim of a scheme by her ex-husband to frame her for murder by his commission of suicide. *Id*. at 406-407, 433.  Additionally, Johnson testified that on March 30, 1998, the day of the murder, she visited her physician, Dr. Chandler, complaining that the Elavil prescribed to her "was not strong enough to help me sleep.  It just helped my moods and I needed something to help me sleep." *Id*. at 402.  Based on her prior experience with Halcion and due to her current state of restlessness, Johnson explicitly requested a prescription from Dr. Chandler for Halcion. *Id*.  Dr. Chandler issued this prescription on March 30, 1998 and the plaintiff obtained the prescription from MediCap Pharmacy. *Trial Record - State's Exhibit No. 62*; *Petitioner's April 29, 2003 Response to Respondents' Supplemental Answer - Exhibit E*.  It is therefore clear from the petitioner's own testimony that she was not taking Halcion during the period of time immediately prior to the death of her ex-husband.
> Johnson presents only her self-serving allegation that she is actually innocent and presents nothing to support her claim that a defense of drug induced psychosis was warranted.  The record contains no evidence which suggests that the petitioner's mental state at the time of the murder was in any way impaired by her use of Halcion; rather, the record and supporting evidentiary materials refute this assertion.  Specifically, notwithstanding

---

[1] Johnson maintained that her use of Halcion adversely effected her mental state at the time of the murder.

2

Johnson's history of having taken Halcion at some time prior to the murder, her testimony revealed that she did not have access to Halcion for the period of time immediately preceding the offense and only obtained a renewed prescription for the sleep aid on the day of the murder. Additionally, the psychological evaluation and mental examination of Johnson resulted in a determination that she was mentally competent to stand trial. *Respondents' Exhibit A* at 38. The forensic psychologist also concluded that Johnson had not suffered from mental incapacity at the time of the offense. *Id*. at 39. In making these findings, the psychologist determined that Johnson

> . . . was oriented as to person, place, time, and date. Both her recent and remote memory capacities appeared to be fully intact. She concentrated adequately on the tasks at hand and was thought to be functioning within the average range of general intelligence. . . . Structure of thought was normal and ideas were meaningfully associated.
> * * * *
> Ms. Johnson reported an account of the offense which included information regarding movements, actions, motivations, and mental state. . . . Ms. Johnson denied engaging in any illegal behavior relative to the death of the victim. She reported that she had been prescribed both antidepressant and antianxiety medications by a physician . . . prior to the incident and had been taking her medication as prescribed. Her report included no suggestion that she suffered from any perceptual disturbance or loss of reality contact during the time period of the offense. Overall, it is unlikely that Ms. Johnson's behavior at the time of the offense was significantly related to symptoms of severe mental illness.

*Id*. at 37-39.

Although Johnson maintains that her defense is based on newly discovered evidence not available to her prior to trial, according to her own evidentiary materials, *see Petitioner's March 25, 2003 Response to the Supplemental Answer - Exhibit G*, certain adverse effects associated with the taking of Halcion were known and publicized in June of 1996, over two years prior to imposition of the murder conviction at issue. Nevertheless, evidence of mental instability associated with Johnson's use of Halcion did not exist and, therefore, none was presented at trial. Moreover, throughout the state court proceedings, Johnson consistently maintained her innocence and testified that she did not commit the murder. The present assertion of a defense based on mental instability is in direct contradiction to Johnson's pre-conviction protestations of innocence and testimony at trial.

> A thorough review of all evidentiary materials submitted by the parties demonstrates that Johnson has failed to submit any credible evidence to this court which establishes that she suffered significant adverse effects from Halcion at the time of the murder entitling her to a psychosis defense based on her usage of this drug. The petitioner has presented no "new reliable evidence" to support her claim of actual innocence nor has she suggested that such evidence exists so as to meet the standard set forth by *Schlup*. The court therefore concludes that Johnson has failed to demonstrate actual innocence.

*Johnson*, Civil Action No. 1:02-CV-1131-H - *Recommendation of the Magistrate Judge* at 4-7 (footnotes omitted) (adopted as opinion of the court by Court Doc. No. 41). Since final judgment had been entered in Johnson's prior habeas the court ordered that, with respect to her *Ake* claim, a new habeas corpus action be opened. *Id*. - *Court Doc. No. 56*.

## II. Discussion

As is clear from the foregoing, Johnson filed a prior petition pursuant to the provisions of 28 U.S.C. § 2254 challenging her murder conviction before the Circuit Court of Dale County which this court denied as barred by the one-year period of limitation. *See Johnson v. Deese, et al.*, Civil Action No. 1:02-CV-1131-H (M. D. Ala. 2005). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Because this undertaking [is Johnson's] second habeas corpus petition and because [she] had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 272 F.3d 932, 933 (11th Cir. 2001)(parentheses omitted), *quoting Preiser v. Rodriguez,* 411 U.S. 475, 500,

93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

It is clear from the pleadings and documents filed in this case that Johnson has not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider her successive application for habeas relief. Thus, this court lacks jurisdiction to consider the petitioner's successive request for habeas corpus relief and the present petition is therefore due to be dismissed. *Gilreath*, 273 F.3d at 933.

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant § 2254 petition for habeas corpus relief be dismissed in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A). It is further

ORDERED that on or before May 6, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of April, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE